IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31165
Summary Calendar

_____

BANKERS TRUST CO. OF CALIFORNIA, N.A.,

Plaintiff,

versus

TONKA PROPERTIES, INC. ET AL,

Defendants,

TONKA PROPERTIES, INC.,

Defendant/Cross-Defendant/Appellant,

versus

405 BOURBON ST., INC.,

Defendant/Cross-Claimant/Appellee.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(96-CV-3455-L)

_____

August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case stems from Bankers Trust's foreclosure on a property owned by 405 Bourbon St., Inc., that had been pledged as security for a debt of $1,700,000 owed by Tonka Properties, Inc., to a predecessor entity of Bankers Trust. The property was sold at

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

auction for $1,020,000. 405 Bourbon St. then sought judgment against Tonka Properties in the amount of $1,020,000 plus interest from the date of judgment. The district court granted summary judgment in favor of 405 Bourbon St., entitling it to judgment in the amount of $1,020,000 plus interest from the date of judgment. For the reasons stated herein, we AFFIRM.

Under Louisiana law, a surety has the rights of subrogation and reimbursement. *See* LA. CIV. CODE ANN. art. 3047. When a surety pays a creditor for a principal obligation that is due, the surety is entitled to reimbursement from the principal obligor. *See* LA. CIV. CODE ANN. art. 3049.

In this case, the pertinent facts are that Tonka Properties incurred the loan in question, that 405 Bourbon St. functioned as a surety in pledging its property as security for that loan, and that the United States Marshal seized and sold the property to satisfy Tonka Properties' debt. Thus, as a surety, 405 Bourbon St. is entitled under Louisiana law to reimbursement for the loss it suffered in satisfaction of Tonka Properties' debt -- $1,020,000.

Tonka Properties' principal argument to the contrary is that the terms of a settlement agreement between the parties govern this matter and dictate a different result. We are not persuaded by this argument. Putting aside the dubious enforceablity of the settlement agreement, there is no signature on the agreement binding 405 Bourbon St. Tonka Properties' attempt to cast the signature of an individual signing in his individual capacity as sufficient to bind 405 Bourbon St., a corporation, is unavailing.

2

Louisiana courts have consistently recognized that a corporation is a separate and distinct legal entity apart from its shareholders. *See Phillips v. Wagner*, 470 So. 2d 262, 267 (La. App. 5th Cir. 1985).

AFFIRMED.